A. M. CLARK, RESPONDENT, *v.* P. E. SHANNON, APPELLANT.

The law exempts from forced sale a tract of land on which the homestead is located to the extent of five thousand dollars in value.

It does not limit or prescribe the other uses to which the land may be put if one use it for a homestead.

It makes no difference that the land is divided by imaginary lines. The entire tract of land, if not exceeding five thousand dollars in value, is protected.

When the homestead tract of land does not exceed five thousand dollars in value, the husband cannot execute a mortgage on any portion thereof without the concurrence of the wife.

Query: Can the husband alone, without the wife, set up the defense of homestead? Certainly; the proper practice is to make the wife a defendant.

APPEAL from the District Court of the Fourth Judicial District, State of Nevada, Washoe County, Hon. C. C. GOODWIN presiding.

The facts of this case are stated in the opinion.

*North & Harris*, for Appellants, made the following points:

The mortgage executed by defendant did not create a lien on the premises in dispute.

There is no finding of facts to sustain the judgment of foreclosure, and it is therefore erroneous.

*Thos. Fitch*, for Respondent.

The homestead law does not exempt property from a mortgage properly executed.

It is not necessary the wife should join in a mortgage executed before the mortgaged property becomes a homestead.

If this property ever became a part of the homestead it was only by reason of a declaration of homestead made at a date subsequent to the execution of the mortgage.

The residence of Clark on one lot could not extend his homestead over another and adjoining lot used for business purposes.

The Homestead Act exempts a quantity of land, together with the dwelling house and its appurtenances. A livery stable is not appurtenant to a dwelling house.

The law of 1865 was not intended to be, and could not be, retroactive in its provisions, making mortgages to secure debts invalid. (Constitution of Nevada, Art. I., sec. 15.)

Opinion of the Court by BEATTY, J., full Bench concurring.

The facts of this case are as follows : In May, 1864, one P. E. Shannon was residing on lot No. 4, in a certain block in Washoe City. On lot No. 3 in the same block, and immediately adjoining, he had a livery stable. Each lot was fifty by one hundred feet, the two together making a square of one hundred feet. On the 4th of May, 1864, he executed a note to respondent, Clark, for eight hundred dollars, and at the same time executed a mortgage to him on No. 3 (the stable lot) to secure its payment. At the time this mortgage was executed, the wife of Shannon was living with him on lot No. 4, and Shannon was conducting his livery business on lot No. 3. In the latter part of May, 1864, less than a month after the mortgage was executed, Shannon filed in the Recorder's office some sort of a declaration of homestead, including in the premises described both lots three and four. After the passage of the Act of 1864–5, providing for the registration of homestead claims, he also had the two lots recorded as a homestead. Clark filed his bill to foreclose the mortgage on lot No. 3, and Shannon resisted the decree for foreclosure on the ground that when he executed the mortgage the stable lot constituted a part of the homestead property, and was not bound by a mortgage in which the wife did not join. The only question raised in the Court below was whether, under the circumstances of this case, the stable lot

did constitute a part of the homestead property. The Court below held that the homestead was confined to the lot on which the dwelling was situated, and did not include a separate lot which was devoted to business purposes.

The statute provides that the homestead, consisting of a quantity of land, together with the dwelling house thereon and its appurtenances, not exceeding in value the sum of five thousand dollars, to be selected by the owner thereof, shall not be subject to forced sale under execution.

The law also provides that if a levy be made, the owner shall point out to the Sheriff what he considers his homestead, and the remainder only shall be subject to sale.

If the owner sets apart property worth more than five thousand dollars, steps may be taken by the plaintiff in execution to appraise the property, and either sell a portion thereof or sell the whole, reserving five thousand dollars of the proceeds for the debtor. It is also provided that no division of the homestead property shall be made without the assent of the owner where it consists of one acre or less.

Here then, is the privilege to the debtor of selecting *any land* included in the homestead tract, provided it does not exceed five thousand dollars in value. There is no qualification as to the uses to which it may be applied.

The law also seems to contemplate that the debtor shall not under any circumstances be compelled to accept less than one acre of land for his homestead, although half that quantity might be worth five thousand dollars. It is true, if the homestead is worth over five thousand dollars, whether consisting of an acre or a quarter of an acre, it may be sold by paying five thousand dollars of the proceeds of the sale to the debtor. But it cannot be divided, if less than an acre, without his consent. Here there was less than one-fourth of an acre in the two lots. Together they only made an area one hundred feet square—they were only divided by an imaginary line, dividing lots three and four.

Had the two lots been levied on, can there be any doubt but that the defendant, Shannon, might have notified the Sheriff that he claimed them as a homestead ? If he had done so, it appears to us they could not possibly have been divided. It is

admitted both together are of less value than five thousand dollars. Both together contain less than an acre. There could be but two objections suggested to his claim of the two lots— one, that they do not compose one tract of land, because one-half of the land is called lot 4, and the other lot 3; the other, that a distinct portion of the land is devoted to business purposes. But as the line between them is merely imaginary, we think this renders the first position untenable. No one would say that a man might not claim a homestead in a quarter section of land because it was divided by imaginary lines into forty-acre tracts.

We think there is no more force in the other objection that a distinct portion of the property was devoted to business purposes. The only limitation of the right to select the homestead land is that they shall not exceed five thousand dollars in value. We do not think it was the policy of the law to preserve only a residence for the family of the insolvent debtor, but to secure also the means of making a living. To give an insolvent debtor a fine house to live in without any means to support his family, would be an injury to his creditors without a corresponding benefit to the debtor. But to protect him in the enjoyment of a cheap and modest house for his family, together with such adjacent lands or business houses as will enable him to decently support his family, would be wise and humane policy. We think such was the intention of the law. If a person is protected in the enjoyment of a homestead, consisting of several hundred acres of land, not more perhaps than an acre is necessary for house, garden, yard and all out-buildings necessary to the proper enjoyment of his residence. All the balance is devoted to the business of farming, by which he makes his living. Yet it has never been questioned but that farms might be set aside as homesteads. Why then may not a shop, a stable, a storehouse, or a hotel be set apart with the homestead lands as readily as a farm, if the whole does not exceed in value the sum of five thousand dollars? We can see no reason for the distinction. We think then this property if so claimed would be exempt from execution as a part of the homestead. If exempt from execution, is it not equally exempt from the operation of a mortgage exe-

cuted without the concurrence of the wife? It was a part of the identical land on which the residence was situated. The whole together was worth less than five thousand dollars. Was not the building and occupancy of the house a dedication of the entire tract as a homestead? Or rather, did not the establishment of a homestead on that tract of land attach to the entire tract the privilege of exemption from forced sale, so long as the whole tract with its improvements was worth less than five thousand dollars? If so, it appears to us the husband could not by his own act, without the wife, mortgage a part of the tract, although he left a portion of it unincumbered.

If the husband may encumber the homestead so far as to leave less than five thousand dollars' worth unincumbered, he may leave only the smallest imaginary amount of land for the homestead—at least the smallest amount on which he could erect a shanty to shelter his family whilst he was mortgaging the balance. We think that no mortgage executed by the husband alone, upon a homestead tract or any part thereof, can be of any validity unless that homestead tract exceeds five thousand dollars in value. The California Courts, in cases similar to this, have held that the husband alone could not set up in his answer to a complaint for foreclosure the fact that the property mortgaged is homestead property, and that his wife had not joined in the mortgage. That before this defense can be made, the wife must be a party. If she is not a party, the decree must be against the husband alone, and afterwards the husband and wife may unite in an action for the protection of the homestead. We think when it appears by the pleadings in the case that the property is claimed as a homestead, and such facts are stated as show a probable ground for such claim, the Court should not proceed with the trial of the case until the wife is brought into Court, so that the decree may conclude all parties. But if the case does proceed to trial without the wife being brought in, we are not satisfied but that the husband himself might set up the defense that the mortgage is invalid under the statute, because executed without the wife's concurrence. It is not, however, necessary at this time to decide that point, nor is it necessary to determine at this time what would be the rights of the par-

ties if, on the wife's being brought in, she should disclaim having any homestead rights in the property in controversy.

The judgment must be reversed and the cause remanded. The Court below will cause the wife of Shannon to be made defendant in the case, and upon her answer coming in will proceed to try and determine this case according to the views expressed in this opinion.